Adam B. Nach – 013622
Jonathan C. Simon - 029750
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: jonathan.simon@lane-nach.com
*Attorneys for David A. Birdsell, Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>BABB AND BABB, LLC dba MIJO'S MEXICAN KITCHEN,<br><br>Debtor. | (Chapter 7 Case)<br><br>Case No. 2:17-bk-06274-BKM<br><br>***Adv. No.*** |
| DAVID A. BIRDSELL, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTAS FUNDING, LLC, a Connecticut limited liability company,<br><br>Defendant. | **COMPLAINT**<br><br>**<u>COUNT ONE:</u>**<br>**AVOIDANCE AND RECOVERY OF PREFERENCES**<br>**(11 U.S.C. §§ 547, 550 and 551)**<br><br>**<u>COUNT TWO:</u>**<br>**AVOIDANCE AND RECOVERY OF POST-PETITION TRANSFERS**<br>**(11 U.S.C. §§ 549 and 550)** |

David A. Birdsell, Chapter 7 Trustee and Plaintiff ("**Plaintiff**"), by and through his attorneys undersigned, for his Complaint against Libertas Funding, LLC ("**Defendant**"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Fed. R. Bankr. P. 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

6. This case was commenced by voluntary petition filed by Babb and Babb, LLC dba Mijo's Mexican Kitchen ("**Debtor**") under Chapter 7 of Title 11 on June 5, 2017 ("**Petition Date**").

7. Plaintiff is the duly appointed and acting Trustee of the Chapter 7 Estate.

8. Upon information and belief, Defendant is a Connecticut limited liability company doing business in the State of Arizona.

9. All acts giving rise to the causes of action in this Complaint occurred in this District.

**GENERAL ALLEGATIONS**

10. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

11. Upon information and belief, on or about December 18, 2016, Debtor and Defendant executed a Merchant Agreement that granted Defendant an interest in certain property of the Debtor, including it's the rights to Debtor's accounts receivable ("**Agreement**").

12. Upon information and belief, and pursuant to Debtor's Schedule F, on or about December 19, 2016, Defendant borrowed not less than $15,500.00 from Debtor. A copy of the relevant portion of Debtor's Schedule F evidencing the same is attached hereto as "**Exhibit A**.".

13. On or about May 18, 2017, Defendant filed a UCC-1 Financing Statement with the Arizona Secretary of State, file number 2017-001-8356-8 ("**UCC Transfer**"). A copy of the UCC-1 Financing Statement is attached hereto as "**Exhibit B**."

14. The UCC Transfer was made to purportedly perfect Defendant's interest in Debtor's property.

15. Pursuant to Debtor's Statement of Financial Affairs, within the ninety (90) day period prior to the Petition Date, Debtor paid Defendant a total amount of $7,827.26 in connection with the Agreement ("**Payments**"). A copy of the relevant portion of Debtor's Statement of Financial Affairs evidencing the Payments is attached hereto as "**Exhibit C**."

15. Upon information and belief and subject to further discovery, there may be additional payments made by the Debtor to the Defendant within 90 days prior to the Petition Date. To the extent such additional payment(s) are discovered, the same are incorporated as if more fully set forth herein.

16. Upon information and belief, Debtor may have made payments to Defendant after the Petition Date in connection to the Agreement ("**Post-Petition Payments**").

17. Despite demand, Defendant has failed to remit the Payments to Plaintiff.

**AVOIDANCE AND RECOVERY OF PREFERENCES**
**(11 U.S.C. §§ 547, 550 and 551)**

18. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

19. The Payments were made with property of the Debtor.

20. The UCC Transfer and Payments constitute "transfer(s)" as defined in 11 U.S.C. § 101(54)(A) and (D).

21. Upon information and belief, the Defendant was a creditor of the Debtor and the UCC Transfer and Payments were made for the benefit of Defendant pursuant to 11 U.S.C. §547(b)(1).

22. The UCC Transfer and Payments were for, or on account of, an antecedent debt of the Debtor pursuant to 11 U.S.C. §547(b)(2).

23. Pursuant to Debtor's Schedules of Assets and Liabilities, Debtor had assets in the amount of $2,000.00 and debts in the amount of $72,099.64 on the Petition Date.

24. Trustee therefore asserts that Debtor was insolvent when the UCC Transfer and Payments occurred pursuant to 11 U.S.C. §547(b)(3)

25. Moreover, Debtor is presumed to have been insolvent when the UCC Transfer occurred and Payments were made pursuant to 11 U.S.C. §547(f).

26. The UCC Transfer and Payments occurred within the ninety (90) day period prior to the Petition Date as set forth in 11 U.S.C. §547(b)(4).

27. Pursuant to 11 U.S.C. §547(b)(5), the UCC Transfer and Payments enabled the Defendant to receive more than it would have received under Chapter 7 of Title 11, United States Code, if the UCC Transfer and Payments had not occurred, and if the Defendant had received payment of such debt to the extent provided by Title 11 of the United States Code.

28. Pursuant to 11 U.S.C. §547(b), Plaintiff may avoid the aforementioned UCC Transfer and Payments.

29. Defendant is the beneficiary of the UCC Transfer and initial transferee and beneficiary of the Payments pursuant to 11 U.S.C. § 550.

30. Based on the foregoing, Plaintiff is entitled to avoid the UCC Transfer and recover the equivalent value of the Payments pursuant to 11 U.S.C. § 550.

31. Pursuant to 11 U.S.C. § 551, upon avoidance the UCC Transfer and Payments are preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against Libertas Funding, LLC as follows:

A. Avoiding the Defendant's UCC Financing Statement pursuant to 11 U.S.C. § 547;

B. Avoiding all payments made by Debtor to Defendant within the ninety (90) day period prior to the Petition Date pursuant to 11 U.S.C. § 547;

C. Directing Defendant to turnover the amount of $7,827.26 pursuant to 11 U.S.C. § 550;

D. Preserving the UCC Transfer and Payments for the benefit of the Estate upon avoidance pursuant to 11 U.S.C. § 551;

E. For interest on said sum from the earliest date allowed by law until paid at the highest rate allowed by law;

F. For Plaintiff's reasonable costs incurred herein;

G. For Plaintiff's attorneys' fees incurred herein and in the minimum amount of $500.00 in the event a default judgment is obtained; and

H. For such other and further relief this Court deems just and proper.

**AVOIDANCE AND RECOVERY OF POST-PETITION TRANSFERS**
**(11 U.S.C. §§ 549, 550, and 551)**

32. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

33. 11 U.S.C. § 549(a) provides that a trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized by the Bankruptcy Code or the Court.

34. Upon information and belief, the Post-Petition Transfers occurred after the Petition Date.

35. The Post-Petition Transfers constitute "transfer(s)" as this term is defined in 11 U.S.C. § 101(54).

36. The Post-Petition Transfers were not authorized under the Bankruptcy Code or by this Court.

37. Consequently, the Post-Petition Transfers are avoidable as an unauthorized, post-petition transfer under 11 U.S.C. § 549(a).

38. Pursuant to 11 U.S.C. § 550, the Trustee can recover the equivalent value of the Post-Petition Transfers from Defendant at an amount to be determined at trial.

39. Pursuant to 11 U.S.C. § 551, the avoided Post-Petition Transfers are preserved for the benefit of the Debtor's bankruptcy estate.

WHEREFORE, Plaintiff prays for a judgment against Libertas Funding, LLC as follows:

A. Avoiding the Post-Petition Transfers pursuant to 11 U.S.C. § 549;

B. Ordering the Defendants to turn over the equivalent value of the Post-Petition Transfers in an amount to be determined at trial pursuant to 11 U.S.C. § 550;

C. Preserving the Post-Petition Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551; and

D. For such other and further relief as this Court deems just and proper.

///

RESPECTFULLY SUBMITTED this 21st day of July, 2017.

**LANE & NACH, P.C.**

By: <u>*/s/ Adam B. Nach – 013622*</u>
Adam B. Nach
Jonathan C. Simon
*Attorneys for Plaintiff*

# Exhibit "A"

**3.8** **Nonpriority creditor's name and mailing address**
**GORDON LENNON**
**Date(s) debt was incurred** 11/16
**Last 4 digits of account number** NONE

**As of the petition filing date, the claim is:** *Check all that apply.* **$5,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** PERSONAL LOAN
Is the claim subject to offset? ■ No ☐ Yes

---

**3.9** **Nonpriority creditor's name and mailing address**
**LIBERTAS FUNDING LLC**
**382 GREENWICH AVENUE**
**SUITE 2 SECOND FLOOR**
**Greenwich, CT 06830**
**Date(s) debt was incurred** 12/19/2016
**Last 4 digits of account number** UNKNOWN

**As of the petition filing date, the claim is:** *Check all that apply.* **$15,500.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** 3368 W ANTHEM WAY STE B-136
Is the claim subject to offset? ■ No ☐ Yes

---

**3.10** **Nonpriority creditor's name and mailing address**
**MEGAN WHITE**
**Date(s) debt was incurred** 2/16
**Last 4 digits of account number** NONE

**As of the petition filing date, the claim is:** *Check all that apply.* **Unknown**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** PERSONAL LOAN
Is the claim subject to offset? ■ No ☐ Yes

---

**3.11** **Nonpriority creditor's name and mailing address**
**NATIONAL BUSINESS CAPITAL**
**1069 MAINSTREET**
**SUITE 345**
**Holbrook, NY 11741**
**Date(s) debt was incurred** 12/19/2016
**Last 4 digits of account number** UNKNOWN

**As of the petition filing date, the claim is:** *Check all that apply.* **$0.00**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** BUSINESS LOAN - NOTICE ONLY (LIBERTAS FUNDING)
Is the claim subject to offset? ■ No ☐ Yes

---

**3.12** **Nonpriority creditor's name and mailing address**
**ON DECK**
**1400 BROADWAY**
**New York, NY 10018**
**Date(s) debt was incurred** 04/2017
**Last 4 digits of account number** 3946

**As of the petition filing date, the claim is:** *Check all that apply.* **$10,281.82**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** BUSINESS LOAN
Is the claim subject to offset? ■ No ☐ Yes

---

**3.13** **Nonpriority creditor's name and mailing address**
**PRUDENTIAL OVERALL SUPPLY**
**PO BOX 11210**
**Santa Ana, CA 92711**
**Date(s) debt was incurred** 04/04/2017
**Last 4 digits of account number** 1415

**As of the petition filing date, the claim is:** *Check all that apply.* **$216.08**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** RETAIL - CLEANING SUPPLIES
Is the claim subject to offset? ■ No ☐ Yes

---

**3.14** **Nonpriority creditor's name and mailing address**
**SAMS CLUB/SYNCHRONY BANK**
**PO BOX 530981**
**Atlanta, GA 30353-0981**
**Date(s) debt was incurred** 11/2015
**Last 4 digits of account number** 5232

**As of the petition filing date, the claim is:** *Check all that apply.* **$4,960.34**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** CREDIT CARD
Is the claim subject to offset? ■ No ☐ Yes

---


Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# Exhibit "B"

**2017-001-8356-8**

**ARIZONA**
**SECRETARY OF STATE**
**05/18/17 09:46**
**F I L E D**

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Phone: (800) 331-3282 Fax: (818) 662-4141

B. E-MAIL CONTACT AT FILER (optional)
CLS-CTLS_Glendale_Customer_Service@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address) 37678 - LIBERTAS

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071

58958013
AZAZ

File with: Secretary of State, AZ

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| BABB & BABB LLC | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 3668 W Anthem Way | Anthem | AZ | 85086 | | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Libertas Funding LLC | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 382 Greenwich Ave, ste 2 | Greenwich | CT | 06830 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
This financing statement perfects and secures a sale of a specified amount of Debtor's future receivables and payment rights to Secured Party pursuant to that certain Merchant Agreement dated 12/18/2016. The terms of the Merchant Agreement prohibit Debtor from transferring the future payments rights that Secured Party has purchased to any person or entity other than Secured Party, or granting any security interest in the future payment rights that Secured Party has purchased from Debtor to any person or entity other than Secured Party. The sale of future receivables pursuant to the Merchant Agreement is intended by the parties thereto to be an outright sale of such future receivables and not intended to be, nor is it to be construed as, a financing or an assignment for securing the obligations of the Debtor to Secured Party. Any subsequent lien or may be tortuously interfering with Secured Party's rights.

For the avoidance of doubt, the collateral includes certain future receivables, including, but not limited to, credit card, debit card, bank card and other charge card (credit card) receivables sold by Debtor as seller, and purchased by Secured Party as buyer pursuant to the Merchant Agreement.

Arizona Secretary of State Uncertified Copy

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
58958013 06830





Prepared by Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

# Exhibit "C"

Fill in this information to identify the case:

Debtor name **BABB AND BABB, LLC**

United States Bankruptcy Court for the: DISTRICT OF ARIZONA

Case number (if known) **17-bk-06274-BKM**

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/16**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1: Income**

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From **1/01/2017** to **Filing Date** | ■ Operating a business<br>☐ Other ______ | **$66,500.00** |
| **For prior year:** From **1/01/2016** to **12/31/2016** | ■ Operating a business<br>☐ Other ______ | **$220,645.71** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

**Part 2: List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. **LIBERTAS FUNDING LLC**<br>**382 GREENWICH AVENUE**<br>**SUITE 2 SECOND FLOOR**<br>**Greenwich, CT 06830** | | **$7,827.26** | ☐ Secured debt<br>■ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |



Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com Best Case Bankruptcy